(No. 83-CC-2445-

WILLIAM J. HARTE, LTD., a professional corporation, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 9, 1983.*

KEVIN M. FORDE, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM R. WALLIN, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This is a claim for payment of attorney fees awarded to the Claimant in a case styled *In re Illinois Congressional District Reapportionment Cases,* Master File No. 81-C-3915. Actions were brought in both the circuit court of Cook County and the United States District Courts for

both the Southern and Northern Districts in Illinois contesting the constitutionality of the Illinois congressional redistricting which was done after the 1980 census. The Claimant here represented one of the plaintiffs, Earl Neal Otto.

The State Board of Elections conceded the unconstitutionality of the reapportionment plan. The issue for the trial court was the determination as to which reapportionment plan was to be adopted and the issue on appeal was the amount of attorney fees.

The question for the Court of Claims to decide is whether it has the authority to make an award in this claim. The State Board of Elections has insufficient funds to pay this claim, and there is no other appropriate agency which would have the funds. Although the Federal suit arose under the Civil Rights Act, this is not a claim under the Indemnification Act (Ill. Rev. Stat. 1981, ch. 127, par. 1301 et seq.). This is a claim directly against the State, not a claim to indemnify any State employee.

There is no doubt that under the current Federal law that the State is liable. 42 U.S.C. 1988 provides that attorney fees may be awarded to the prevailing party in a civil rights suit. In his orders of May 25, 1982, and May 19, 1983, the U.S. district judge ordered that the attorney fees be paid. Interest is due on such awards under 26 U.S.C. 1961.

We view this claim similar to those in which we make awards because the indebtedness was expressly authorized by law. In a distinct, but similar, situation, this Court, in *Butterfield v. State* (1961), 24 Ill. Ct. Cl. 85, determined that the fees of a private attorney hired by the State Treasurer to defend his official actions when the Attorney General was unable to defend him could be paid by this Court even though there were insufficient

funds available for the State Treasurer to pay them directly. We said there that "neither Mr. Wright [the State Treasurer] nor the Legislature could anticipate the necessity of his defending an action brought against him in his official capacity by the Attorney General, who ordinarily would represent him." (24 Ill. Ct. Cl. 85, 97.) Likewise here, neither the State Board of Elections nor the General Assembly could be expected to anticipate either the award or its size. In general the State cannot forecast either the frequency or size of awards that may be made against the State in Federal court, especially since the Federal laws and court decisions are relatively new and represent an erosion of sovereign immunity and the eleventh amendment, on which the State has previously relied.

We therefore determine that an award of $183,420.67 plus interest at the rate of 12.194% from the date of the original judgment, May 25, 1982, until the date the voucher is prepared should be made. Since this claim will have to be paid through a special awards bill, it will be paid by November 1, 1983, at the latest. At that time, interest will amount to $32,906.48. Thus, we make a total award not to exceed $216,327.15, the exact amount to be calculated on the date the voucher is prepared.